**Weisbrod Matteis & Copley**
Stephen R. Parkinson, WSBA 2111
Stephen A. Weisbrod, WSBA 57821
Thomas R. Oster, WSBA 52880
Kathleen M. Geyer, WSBA 55494
506 2nd Avenue, Suite 1400
Seattle, Washington 98104
(206) 990-0390

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| West Prairie Village MHP, LLC, and Conwin Enterprises, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> United States of America, <br><br> Defendant. | Case No. _____ |

## COMPLAINT FOR DAMAGES

Plaintiff West Prairie Village MHP, LLC ("West Prairie") and Conwin Enterprises LLC ("Conwin") (collectively "Plaintiffs"), by and through counsel, allege as follows for claims against Defendant United States of America, in accordance with the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680.

1

## INTRODUCTION

1. West Prairie owns a manufactured housing community located at 2201 North Craig Road in Spokane, Washington ("the Property"). The Property is located approximately 4.5 miles from Fairchild Air Force Base ("Fairchild").

2. Conwin owns manufactured homes, promissory notes for the purchase of manufactured homes, and security agreements to secure the sale of manufactured homes located at the Property.

3. For many decades, Fairchild used a firefighting foam that contained harmful chemicals. These chemicals, known for their persistence in the environment, infiltrated the groundwater surrounding the base, including the groundwater beneath the Property.

4. In March 2022, West Prairie entered into a Purchase Agreement to sell the Property for $16 million. However, after discovering the community's groundwater had been contaminated by Fairchild, the buyer terminated the Purchase Agreement. West Prairie has not been able to locate another buyer.

5. In March 2022, Conwin entered into a Purchase Agreement to sell promissory note contracts and manufactured homes located at the Property for $1 million. However, after discovering the community's groundwater had been contaminated by Fairchild, the buyer terminated the Purchase Agreement. Conwin has not been able to locate another buyer.

6. The buyer was ready, willing, and able to close on the Purchase Agreements with Plaintiffs but for the groundwater contamination.

7. West Prairie and Conwin have suffered financial losses due to Defendant's tortious contamination, specifically Fairchild's negligent implementation of hazardous firefighting foam and subsequent groundwater contamination.

## PARTIES

8. West Prairie is a Washington limited liability company with a principal office located in Spokane, Washington.

9. Conwin is a Washington limited liability company with a principal office located in Spokane, Washington.

10. Defendant United States of America is liable under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2674, and 2679(b)(1), for claims for money damages for injury or loss of property caused by the negligent or wrongful acts or omissions of employees of the Government while acting within the scope of their office or employment.

11. The United States Department of Defense (DOD), and United States Air Force (USAF) are departments or agencies of the Federal government, employees of which engaged in negligent acts or omissions within the scope of

their office or employment, which led to the groundwater contamination in the vicinity of Fairchild that caused Plaintiffs' damages.

## JURISDICTION AND VENUE

12. Personal and subject matter jurisdiction is proper in United States District Court pursuant to 28 U.S.C. § 1346(b) and 28 U.S.C § 1331 and § 1337.

13. Venue is proper in the United States District Court for the Eastern District of Washington because all acts complained of occurred in the Eastern District of Washington.

14. West Prairie filed an administrative tort claim on November 9, 2022, in compliance with the FTCA. Conwin filed an administrative tort claim on January 26, 2023, in compliance with the FTCA. In separate letters dated August 9, 2023, the USAF denied West Prairie's claim and Conwin's claim.

## FACTS

### United States Air Force's Use of AFFF

15. Fairchild has been an active military base in continuous operation since 1942.

16. For decades, Fairchild has been home to both operational and historical firefighting training sites operated by or permitted by the USAF.

17. Since the 1970s, the USAF has conducted or has permitted numerous firefighting training exercises at these facilities, relying heavily on a firefighting foam known as Aqueous Film Forming Foam ("AFFF").

18. The AFFF used at Fairchild contained harmful chemicals including, but not limited to, perfluorooctanesulfonic acid (PFOS) and perfluorooctanoic acid (PFOA), known for their persistence in the environment and potential health risks.

19. The negligent and widespread use of AFFF at Fairchild caused PFOA and PFOS to seep into the surrounding soil and groundwater.

20. Eventually PFOS and PFOAs contaminated numerous private and public wells relied upon by communities like West Prairie.

21. Investigations confirm that the decades of Defendant's negligent use, storage, and disposal of AFFF has caused widespread contamination, with PFOA and PFOS levels exceeding safe limits in both municipal and private water sources.

22. Multiple studies and assessments all confirmed the existence of widespread Perflourinated compounds ("PFC") contamination of the groundwater resources for the area surrounding Fairchild ("Areas of Investigation"). These studies were conducted by HydroGeoLogic, Inc., CH2M Hill, the USAF, the Environmental Protection Agency's ("EPA") Office of Water, Amec Foster Wheeler, and the Washington State Department of Ecology ("WSDE").

23.   The USAF and WSDE have also concluded that decades of use, storage, and disposal of AFFF at Fairchild caused the PFOA and PFOS contamination of groundwater in the surrounding communities, including contaminating the municipal water system and private wells serving communities that surround Fairchild.

24.   Despite clear knowledge of the dangers of AFFF to humans and the environment, Defendant negligently used, stored, and disposed of AFFF at Fairchild.

25.   Defendant knew, or should have known, about the harmful properties of the chemicals found in AFFF, including: high solubility and mobility in water, making them highly likely to contaminate water supplies and other sensitive areas; persistence in the environment, meaning these chemicals do not easily break down; and bioaccumulation in humans, where the buildup of these chemicals in human bodies over time could lead to serious health effects.

26.   Defendant negligently failed to implement safer alternatives for using, storing, disposing, and mitigating the harmful AFFF chemicals. Specifically, Defendant took no action to prevent the release of these dangerous chemicals into the groundwater surrounding Fairchild.

27.   Defendant's contamination of the groundwater in the Fairchild vicinity violated numerous Federal and state laws and contravened express USAF policies

and Executive Orders, including but not limited to: USAF Policy Directive 32-70; The Clean Water Act, 33 U.S.C. § 1251 (1972); Federal Facilities Pollution Control, 33 U.S.C. § 1323 (1972); the Resource Conservation and Recovery Act, 42 U.S.C. § 6901; Exec. Order No. 11258, 3 C.F.R. 357 (1965); Wash. Rev. Code § 7.48.010; Wash. Rev. Code § 70.54.010; and Wash. Rev. Code § 90.48.010 et seq.

28. Defendant's contamination of the groundwater in the Fairchild vicinity was not the result of any discretionary act involving political, social, or economic judgments that were the unique province of the Government.

29. Defendant had a duty to warn property owners, users, bystanders, and anyone potentially exposed about the inherent dangers of AFFF.

30. Based upon information and belief, there is no evidence that Defendant ever issued warnings about AFFF or PFOA/PFOS dangers to the public.

## West Prairie and Conwin's Loss of Sales

31. West Prairie owns a manufactured housing community, the Property, and rents lots to its residents who own a manufactured home in which they live on the lot.

32. Conwin owns promissory note contracts and manufactured homes located at the Property.

33. The Property is approximately 4.5 miles northeast from Fairchild.

34. Fairchild's negligent actions and inactions have contaminated the groundwater serving the USAF Base and surrounding neighborhoods, including the Property.

35. On March 2, 2022, West Prairie and Conwin entered into Purchase Agreements with Goldside Capital, LLC ("Goldside") in which Goldside agreed to purchase the Property for $16 million and purchase Conwin's contractual and ownership interests in manufactured homes located at the Property for $1 million.

36. Goldside subsequently commissioned AEI Consultants ("AEI") to conduct a Phase 1 Environmental Site Assessment for the Property (the "ESA").

37. On April 12, 2022, AEI issued its ESA. AEI determined that the Property is located within the Fairchild PFOS/PFOA Drinking Water Well Monitoring Area. Testing results from Fairchild in May 2021 found PFOS on the Property at a concentration of 15.4 parts per trillion ("ppt") and PFOA at 9.8 ppt.

38. On April 14, 2022, Goldside terminated the Purchase Agreements with West Prairie and Conwin because Fairchild negligently contaminated the groundwater at the Property.

39. Under the proposed EPA National Primary Drinking Water regulations, the Maximum Contaminant Level ("MCL") for PFOS and PFOA is 4 ppt.

40. The USAF conducted additional sampling on the property on May 31, 2023. The drinking water samples results were 11 ppt for PFOA and 10 ppt for PFOS at one sampling location, and 6.0 ppt PFOA and 8.1 ppt PFOS at a second location.

41. As a result of the groundwater contamination at the Property, Plaintiffs reasonably anticipate that the market value of the Property will be significantly impacted, and that the Property will be unusable for the purposes for which Plaintiffs purchased it, constructed homes on it, and for which it is zoned. Plaintiffs will further bear ongoing carrying costs on the Property while they seek to find a new buyer (if one can be found) that is interested in buying the Property in its current condition.

42. Fairchild's negligent contamination of the groundwater at the Property has damaged the Plaintiffs.

## CLAIMS FOR DAMAGES

### First Cause of Action - Negligence

43. Defendant owed a duty of care to West Prairie and Conwin to exercise due care in the use, storage, and disposal of hazardous materials like AFFF, which contains PFOS and PFOA.

44. Defendant knew, or should have known, about the potential dangers of its actions. Including awareness that its negligent use, storage, and disposal of AFFF could contaminate groundwater.

45. Defendant knew, or should have known, that PFOS/PFOA accumulates in the bodies of humans and cause devasting harm to human health.

46. Defendant knew, or should have known, that the contamination of the groundwater with PFOS/PFOA would result in lowered property values once potential buyers were on notice that the groundwater was contaminated.

47. Defendant breached its duty of care by negligently allowing PFOS/PFOA-containing substances to enter the groundwater in the area surrounding Fairchild.

48. Defendant also breached its duty of care by failing to remediate the contamination of the groundwater surrounding Fairchild.

49. As a direct and proximate result of Defendant's negligence, West Prairie suffered from the loss of sale of the Property, from diminution of the Property's value, and from ongoing carrying costs on the Property, in an amount of at least $16 million.

50. As a direct and proximate result of Defendant's negligence, Conwin has suffered from the loss of sale under the Purchase Agreement, from diminution

of the Property's value, and from ongoing carrying costs on the Property, in the amount of $1 million.

### Second Cause of Action – Public Nuisance

51. Defendant's negligent use, storage, and disposal of AFFF led to ongoing harm in the form of a public nuisance. This public nuisance unreasonably endangered the health, safety, and property of the general public, West Prairie, and Conwin resulting in inconvenience and annoyance in violation of RCW 7.48.130.

52. Defendant's implementation of the use, storage, and disposal of AFFF created widespread contamination of the groundwater surrounding Fairchild Air Force Base, including the Property owned by West Prairie, with PFOS/PFOA.

53. By their conduct, and without cause, Defendant violated and continues to violate public rights to a clean and unpolluted natural environment and to normally sustained property values.

54. The contamination of groundwater with PFOS/PFOA interferes with the public and West Prairie and Conwin's use and/or enjoyment of their property in a way that an ordinary, reasonable person would find is a substantial inconvenience and annoyance.

55. Defendant knew, or should have known, that the negligent use, storage, and disposal of AFFF, which contains PFOS/PFOA, at Fairchild would

seriously and unreasonably interfere with the ordinary comfort, use, and enjoyment of any property whose groundwater is contaminated by those products.

56. As a direct and proximate result of Defendant's negligent creation of a public nuisance, West Prairie has suffered financial losses in the amount of at least $16 million and Conwin has suffered financial losses of at least $1 million, due to property damage caused by Defendant's negligent contamination of the groundwater.

57. The harm suffered by West Prairie and Conwin as a direct and proximate result of Defendant's creation of public nuisance is different from the type of harm suffered by the general public.

### Third Cause of Action – Private Nuisance

58. Due to Defendant's ongoing negligent use of AFFF, West Prairie's groundwater has been contaminated with PFOS/PFOA.

59. Defendant's negligent actions and omissions have contaminated West Prairie's property with PFOS/PFOA in violation of RCW 7.48.130.

60. The presence of PFOS/PFOA in the groundwater unreasonably interfered with West Prairie's use, benefit, and enjoyment of the Property, including its ability to sell the Property.

61. The presence of PFOS/PFOA in the groundwater unreasonably interfered with Conwin's use, benefit, and enjoyment of its property interests located at the Property, including its ability to sell its property interests.

62. Defendant knew or, in the exercise of reasonable care, should have known that the use of AFFF and failure to prevent PFOS/PFOA from entering the surrounding groundwater, would seriously and unreasonably interfere with the ordinary comfort, use, and enjoyment of any property known or suspected to be contaminated by these products.

63. As a direct and proximate result of Defendant's negligent creation of a private nuisance, West Prairie has suffered financial losses in an amount of at least $16 million, and Conwin has suffered financial losses in an amount of at least $1 million.

**Fourth Cause of Action - Trespass**

64. West Prairie is the actual possessor of real property in the near vicinity of Fairchild.

65. Defendant negligently used, stored, and disposed of AFFF in a manner that allowed PFOS/PFOA to enter the groundwater with the actual knowledge and/or substantial certainty that AFFF contained PFOS and PFOA. Defendant knew, or should have known, that PFOS and PFOA would migrate into the nearby groundwater, causing property contamination.

66.	Defendant negligently used, stored, and disposed of AFFF in a manner that caused PFOS/PFOA to enter West Prairie's groundwater and contaminate West Prairie's groundwater in a manner that constitutes trespass to West Prairie's property.

67.	As a direct and proximate result of this trespass, West Prairie and Conwin have suffered financial loss due to property damage in an amount to be determined at trial.

## JURY DEMAND

68.	Plaintiffs demand a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, West Prairie and Conwin respectfully request that the Court:

1.	Issue an order awarding West Prairie and Conwin special damages in an amount to be determined at trial;

2.	General damages in an amount to be determined at trial;

3.	West Prairie and Conwin's statutory attorney fees and costs; and

4.	Such other and further relief as this Court deems just and equitable.

Dated: February 7, 2024            /s/*Stephen R. Parkinson*
                                   Stephen R. Parkinson, WSBA 2111

                                   /s/ *Stephen A. Weisbrod*
                                   Stephen A. Weisbrod, WSBA 57821

14

*/s/ Thomas R. Oster*
Thomas R. Oster, WSBA 52880

*/s/ Kathleen M. Geyer*
Kathleen M. Geyer, WSBA 55494


**WEISBROD MATTEIS & COPLEY PLLC**
506 2nd Avenue, Suite 1400
Seattle, Washington 98104
sparkinson@wmclaw.com
sweisbrod@wmclaw.com
toster@wmclaw.com
kgeyer@wmclaw.com

***Attorneys for Plaintiff West Prairie Village MHP, LLC, and Conwin Enterprises, LLC***